SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
RONALD J. HOLLAND, Cal. Bar No. 148687
rholland@sheppardmullin.com
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@sheppardmullin.com
MATTHEW C. LEWIS, Cal. Bar No. 274758
malewis@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Defendant
PARKER DRILLING MANAGEMENT
SERVICES, LTD. (erroneously sued herein
as Parker Drilling Management Services,
Inc.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN NEWTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PARKER DRILLING MANAGEMENT SERVICES, INC., a Nevada Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>[Santa Barbara Superior Court Case No. 1487051]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441 & 1446 [Federal Question]**<br><br>[State Court Complaint Filed: February 17, 2015<br>First Amended Complaint Filed: March 23. 2015] |

-1-

SMRH:436895689.2                                          NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Please take notice that Defendant PARKER DRILLING MANAGEMENT SERVICES, LTD. ("Parker" or "Defendant"), erroneously sued as "Parker Drilling Management Services, Inc.." hereby removes the matter of *Brian Newton v. Parker Drilling Management Services, Inc., et al.*, pending in the Superior Court of the State of California in and for the County of Santa Barbara, Case No. 1487051, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446.

Removal is proper on grounds that this Court has federal question jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA," 43 U.S.C. § 1331 et seq.), as discussed in detail below:

I.

**CLAIMS AND PROCEDURAL HISTORY**

1. On February 17, 2015, Plaintiff Brian Newton, individually and on behalf of all persons similarly situated, filed a Complaint in the Superior Court of California, County of Santa Barbara, Case No. 1487051 ("the Complaint"). In the Complaint, Plaintiff asserted the following five causes of action: (1) minimum wage violations; (2) failure to pay overtime and double-time premium wages; (3) failure to timely pay final wages; (4) pay stub violations; and (5) unfair competition.

2. Defendant was served with Plaintiff's Complaint on March 6, 2015. True and correct copies of the Summons and original Complaint in this case are filed concurrently herewith as Exhibit A.[1]

3. On March 23, 2015, Plaintiff filed a First Amended Complaint ("FAC") in Superior Court, asserting seven causes of action: (1) minimum wage violations; (2) pay stub violations; (3) unfair competition; (4) failure to timely pay

---

[1] Defendant asks the Court to take judicial notice of the exhibits attached to this Notice of Removal, all of which are pleadings filed in state court in this matter.

-2-

SMRH:436895689.2                                                                                    NOTICE OF REMOVAL

final wages; (5) failure to provides lawful meal periods; (6) failure to pay overtime and double-time premium wages; and (7) civil penalties under the Private Attorney General Act of 2004. A true and correct copy of Plaintiff's FAC is attached hereto as Exhibit B.

4. Defendant filed its Answer to Plaintiff's FAC in Superior Court on April 3, 2015, a copy of which is attached hereto as Exhibit C.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c) and 1391.

## II.

## TIMELINESS OF REMOVAL

6. Parker was served with the original Complaint on March 6, 2015. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after the receipt of the Summons and Complaint by Defendant, as required by 29 U.S.C. § 1446(b).

## III.

## FEDERAL QUESTION JURISDICTION
## BASED ON THE OUTER CONTINENTAL SHELF LANDS ACT

7. Plaintiff defines the proposed class in this matter as "all hourly employees of Parker Drilling Management Services, Inc., who, at any time within four years from the date of filing of this lawsuit, worked on oil platforms off of the California coast for periods of 24 hours or more." FAC, ¶ 7. Plaintiff's claims involve two (2) oil platforms on which class members have worked during the class period. Both platforms are fixed platforms, connected to the seabed of the Outer Continental Shelf, in that they are located more than three (3) miles from the California coast. (Declaration of Justin Whitley, ¶ 3.) Accordingly, Plaintiff seeks recovery for work conducted exclusively on oil platforms located in waters subject to federal jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA").

8. Plaintiff's claims are removable under the OCSLA, which provides that federal district courts have jurisdiction over all cases "arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals . . . ." 43 U.S.C. § 1349(b)(1)(A).

9. The "OCSLA explicitly provides that district courts have federal question jurisdiction over claims occurring on the Outer Continental Shelf." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013)(internal citations omitted). Removal is appropriate under the OCSLA in any case that would not have arisen "but-for" the existence of the "drilling and exploration operation." *In re Deepwater Horizon*, 745 F.3d 157, 163–64 (5th Cir. 2014); *see also Valdez v. Alliance Liftboats, LLC.*, Case No. 2:14–CV–444, 2015 WL 1168284 (S.D. Tex. March 13, 2015)("OCSLA provides original jurisdiction for removal even if the plaintiff does not plead it.").

10. As Plaintiff's proposed class is made up exclusively of individuals who work or worked on oil platforms, both of which are located on and connected to the Outer Continental Shelf, Plaintiff's claims clearly arise out of and/or are in connection with operations involving "development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf." 43 U.S.C. § 1349(b)(1)(A). Thus, the OCSLA applies, the case presents a federal question, and removal to this Court is proper.

## IV.
## **JOINDER**

11. Defendant is not aware of any other defendant that exists and who has been named in the FAC or who has been served with a summons and the FAC. *See* Exhibits A & B.

V.

**NOTICE TO PLAINTIFF**

12.  Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel of record, at Michael A. Strauss and Andrew C. Ellison, Palay Law Firm, 121 North Fir Street, Suite F, Ventura, California, 93001. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Santa Barbara, California.

13.  In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as Exhibits A, B & C.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court for the County of Santa Barbara to this Court.

Dated: April 6, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *[signature]*
RONALD J. HOLLAND
ELLEN M. BRONCHETTI
MATTHEW C. LEWIS

Attorneys For Defendant
PARKER DRILLING MANAGEMENT SERVICES, LTD.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On April 6, 2015, I served true copies of the following document(s) described as

**NOTICE OF REMOVAL**

on the interested parties in this action as follows:

Michael A. Strauss
Andrew C. Ellison
PALAY LAW FIRM
121 North Fir Street, Suite F
Ventura, California 93001

*Attorneys for Plaintiff and Putative Class*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Sheppard, Mullin, Richter & Hampton llp for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at .

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 6, 2015, at San Francisco, California.

_Karen D. Davis_
Karen D. Davis

SMRH:436895689.2

NOTICE OF REMOVAL