# EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PARKER DRILLING MANAGEMENT SERVICES, INC., a Nevada
Corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
, BRIAN NEWTON, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

FEB 17 2015

Darrel E. Parker, Executive Officer

BY _____
Susan Bonjuan, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Barbara County Superior Court
1100 Anacapa St., Santa Barbara, CA 93121-1107

CASE NUMBER:
*(Número del Caso):*  1487051

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. Strauss, Esq., Palay Law Firm, APC, 121 N. Fir St., Ste. F, Ventura, CA 93001; 805-641-6600

DATE: FEB 17 2015
*(Fecha)*

Clerk, by  **Darrel E. Parker, Executive Officer**, Deputy
*(Secretario)*  **SUSAN DONJUAN** *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Parker Drilling Management Services, Inc. a Nevada Corporation

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 3/6/15

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Michael A. Strauss, SBN 246718
Andrew C. Ellison, SBN 283884
**PALAY LAW FIRM**
121 North Fir Street, Suite F
Ventura, CA 93001
Telephone: (805) 641-6600
Facsimile: (805) 641-6607
E-mail: mike@palaylaw.com

Attorneys for Plaintiff and the Putative Class

FILED
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

FEB 1 7 2015

Darrel E. Parker, Executive Officer
BY
Susan Borlasa, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| BRIAN NEWTON, an individual, | Case No. |
| Plaintiff, | 1487051 |
| v. | **CLASS ACTION** |
| PARKER DRILLING MANAGEMENT SERVICES, INC., a Nevada Corporation; and DOES 1 through 100, inclusive, | **COMPLAINT FOR:** |
| Defendants. | 1) **MINIMUM WAGE VIOLATIONS;** |
| | 2) **FAILURE TO PAY OVERTIME AND DOUBLETIME PREMIUM WAGES;** |
| | 3) **FAILURE TO TIMELY PAY FINAL WAGES;** |
| | 4) **PAY STUB VIOLATIONS; AND** |
| | 5) **UNFAIR COMPETITION** |

TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

COME NOW, PLAINTIFF Brian Newton ("Plaintiff") and the putative class, and submit the following Complaint against PARKER DRILLING MANAGEMENT SERVICES, INC. and DOES 1 through 100, inclusive (collectively "Defendants"), and each of them as follows:

1.   At all times herein mentioned, Plaintiff Brian Newton was an employee of

1  Defendants, working in the state of California, within the last four (4) years.

2      2.    Unless otherwise stated, at all times herein mentioned Plaintiff was an individual

3  residing in the County of Ventura, State of California.  Plaintiff became a resident of Harris

4  County, Texas in or about November 2014.

5      3.    At all times herein mentioned, Plaintiff is informed and believes and, based on

6  such information and belief, thereon alleges that Parker Drilling Management Services, Inc., is

7  a Nevada corporation that does business in the County of Santa Barbara, California.

8      4.    The true names and capacities, whether individual, corporate, associate,

9  representative or otherwise, of the defendants identified herein as Does 1 through 100,

10  inclusive, are unknown to Plaintiff, who therefore sue these defendants by said fictitious

11  names.  Plaintiff will amend this Complaint to allege the true names and capacities of Does 1

12  through 100 when they have been ascertained. Does 1 through 100 are in some manner legally

13  responsible for the wrongs and injuries alleged herein.

14      5.    Each of the Defendants acted as the agent or employee of the others and each

15  acted within the scope of that agency or employment.

16      6.    Venue is appropriate in Santa Barbara County Superior Court because the

17  unlawful employment practices complained of herein occurred in the City of Goleta,

18  California, County of Santa Barbara, and in the offshore waters in the Santa Barbara Channel.

19                        **CLASS ACTION ALLEGATIONS**

20      7.    Plaintiff brings the first three causes of action stated herein on his own behalf

21  and on behalf of all persons similarly situated.  The class consists of all hourly employees of

22  Parker Drilling Management Services, Inc., who, at any time within four years from the date of

23  filing of this lawsuit, worked on oil platforms off of the California coast for periods of 24

24  hours or more (hereinafter the "Putative Class").  The Putative Class represents over 25

25  persons and is so numerous that the joinder of each member of the putative class is

26  impracticable.

27      8.    There is a well-defined community of interest in the questions of law and fact

28  affecting the classes Plaintiff represents.  The Putative Class members' claims against

1   Defendants involve questions of common or general interest, in that each was employed by
2   Defendants, and each was not paid wages owed based on the same failure to compensate for
3   all hours during which they were subject to the control of Defendants, including hours in
4   excess of their scheduled shifts and during meal periods.  These questions are such that proof
5   of a state of facts common to the members of the Putative Class will entitle each member to
6   the relief requested in this complaint.

7        9.    The members of the Putative Class that Plaintiff represents have no plain, speedy
8   or adequate remedy at law against Defendants, other than by maintenance of this class action,
9   because Plaintiff is informed and believes, and on such information and belief alleges, that the
10  damage to each member of the Putative Class is relatively small and that it would be
11  economically infeasible to seek recovery against Defendants other than by a class action.

12       10.   Plaintiff will fairly and adequately represent the interest of the Putative Class,
13  because Plaintiff is a member of the Putative Class, and Plaintiff's claims are typical of those
14  in the Putative Class.

15       11.   Plaintiff was employed by Defendants from approximately January 25, 2013 to
16  approximately January 15, 2015.

17       12.   Plaintiff worked on an oil platform off of the California coastal waters.  His shift
18  typically lasted 14 days.  He received pay for only 12 hours each day while on the oil platform.
19  He did not receive any compensation for 12 hours while on the platform each day.  He could
20  not reasonably leave the platform during his 14-day shift.

21                          **FIRST CAUSE OF ACTION**
22                          *Minimum Wage Violations*
23              **(Action Brought By Plaintiff On Behalf Of Himself**
24              **And The Putative Class Against All Defendants)**

25       13.   Plaintiff incorporates by reference and re-alleges each and every one of the
26  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully
27  set forth herein.

28       14.   California law requires payment of at least the state-mandated minimum wage

                                    3
                                 COMPLAINT

1   for all hours worked by non-exempt employees.  (See Lab. Code, §§ 1194, 1197.)  Hourly

2   wages cannot be averaged out to cover hours worked during which no compensation was paid.

3   (See *Armenta v. Osmose* (2005) 135 Cal.App.4th 314, 322-24.)  Time during which a worker

4   cannot leave his or her worksite, even sleeping time, is considered hours worked under

5   California law. (*Mendiola v. CPS Security Solutions, Inc.* (Cal., Jan. 8, 2015) 15 Cal. Daily

6   Op. Serv. 203.)

7       15.    Plaintiff and the Putative Class regularly worked hours for which they were not

8   paid the minimum wage.  Defendants' minimum wage violations include, but are not limited

9   to, the failure to pay any wages whatsoever to Plaintiff and the Putative Class for 12 hours

10  each workday.

11      16.    Plaintiff seeks such minimum wages owed to them for the three-year period

12  measured backward from the date of the filing of the initial Complaint in this matter.

13      17.    The exact amount of minimum wages owed will not be fully ascertained until

14  discovery is completed. Until Defendants produce the necessary documents for an accounting,

15  Plaintiff is unable to determine the exact amount of minimum wages owed.

16      18.    Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of

17  wages, the court shall award interest on all due and unpaid wages at the rate of interest

18  specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the

19  date that the wages were due and payable as provided in Part 1 (commencing with Section

20  200) of Division 2." Plaintiff seeks such interest on all minimum wages owed to them for the

21  three-year period measured backward from the date of the filing of the initial Complaint in this

22  matter.

23      19.    Plaintiff seeks liquidated damages in an amount equal to the minimum wages

24  due to him and the Putative Class under Labor Code section 1194.2.

25      20.    Pursuant to Labor Code section 1194, Plaintiff requests the Court to award

26  Plaintiff's reasonable attorney's fees and costs incurred in this action.

27      WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants,

28  and each of them, as follows:

1.  For minimum wages owed according to proof;

2.  For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

3.  For liquidated damages in an amount equal to the unpaid minimum wages owed under Labor Code section 1194.2;

4.  For attorney's fees and costs pursuant to Labor Code section 1194;

5.  For costs of suit; and

6.  For any other and further relief that the Court considers just and proper.

## SECOND CAUSE OF ACTION

### *Pay Stub Violations*

### (Action Brought By Plaintiff On Behalf Of Himself
### And The Putative Class Against All Defendants)

27.  Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

28.  California Labor Code section 226 provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

29.     In this case, Defendants have failed to provide such wage deduction statements to Plaintiff and the Putative Class in that their wage deduction statements do not include, without limitation, their gross wages earned, all hours worked, net wages earned, or all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each hourly rate by the employee, and the name and address of the legal entity that is the employer.  Pursuant to Labor Code section 226(e), damages are appropriate.  At this time, Plaintiff believes and alleges that he and the Putative Class are owed the maximum allowable penalty under section 226(e) because Defendants failed to provide adequate paycheck stubs.  However, the exact amount of damages under Labor Code section 226(e) will not be fully ascertained until discovery is completed.  Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of damages under Labor Code section 226(e).

30.     Pursuant to Labor Code section 226(e), Plaintiff requests the court to award Plaintiff's reasonable attorney's fees and costs incurred by Plaintiff in this action.

WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants, and each of them, as follows:

1.     For statutory penalties, pursuant to law;

2.     For reasonable attorneys' fees pursuant Labor Code section 226;

3.     For costs of suit; and

4.     For any other and further relief that the Court considers just and proper.

### THIRD CAUSE OF ACTION

#### *Unfair Competition*

#### (Action Brought By Plaintiff On Behalf Of Himself
#### And The Putative Class Against All Defendants)

31.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

32.   This cause of action is being brought pursuant to California Business and Professions Code section 17200 et seq. and California case law including *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.App.4th 163.

33.   It is alleged that Defendants have willfully failed to pay Plaintiff and the Putative Class, the state-mandated minimum, overtime, doubletime, and meal period premium wages for all hours worked.  The failure to pay such wages constitutes an unfair business practice under California Business and Professions Code section 17200.

34.   As a result of the conduct of Defendants, Defendants profited from breaking the law.  Plaintiff and the Putative Class seek disgorgement of this unlawfully obtained benefit (plus interest thereon) for the four-year period measured backward from the date of filing of the initial Complaint in this matter.

35.   California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.  The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.  Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under his chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

36.   As a result of the alleged aforesaid actions, Plaintiff and the Putative Class have suffered injury in fact and have lost money as a result of such unfair competition.

37.   In this case, it is requested that this Court order such restitution.

WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants,

1   and each of them, as follows:

2       1.    For an equitable order, ordering Defendants to pay all Putative Class members

3   all wages, interest, and penalties they are owed;

4       2.    For an appointment of a receiver to perform an accounting of all monies owed to

5   these employees;

6       3.    For any and all injunctive relief this Court deems necessary pursuant to Business

7   and Professions Code section 17203;

8       4.    For attorneys' fees and costs;

9       5.    For prejudgment interest on all amounts owed pursuant to Civil Code sections

10  3288 and 3291; and

11      6.    For any other and further relief that the Court considers proper.

12  

**FOURTH CAUSE OF ACTION**

13  *Failure To Timely Pay Wages At Termination*

14  **(Action Brought By Plaintiff On Behalf Of Himself**

15  **And The Putative Class Against All Defendants)**

16      38.    Plaintiff incorporates by reference and re-alleges each and every one of the

17  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully

18  set forth herein.

19      39.    Labor Code section 201 provides, "If an employer discharges an employee, the

20  wages earned and unpaid at the time of discharge are due and payable immediately."

21  Defendants did not pay immediately all wages earned and unpaid to Plaintiff and the Putative

22  Class upon discharge. Defendants have refused and continue to refuse to pay said wages.

23      40.    Pursuant to Labor Code section 203, Defendants have willfully failed to pay

24  without abatement or reduction, in accordance with Labor Code sections 201 and 202 all of the

25  minimum, overtime, meal period, and doubletime wages of the Plaintiff and the Putative Class,

26  as herein alleged. Defendants are aware that they owe the wages claimed by Plaintiff and the

27  Putative Class, yet Defendants willfully failed to make payment. As a result, Plaintiff seeks

28  wages and waiting-time penalties pursuant to Labor Code section 203 on behalf of himself and

8

COMPLAINT

the Putative Class. These penalties consist of up to 30 days of pay for Plaintiff Putative Class at their regular rates of pay.

41. Plaintiff and the Putative Class have been available and ready to receive wages owed to them.

42. Plaintiff and the Putative Class have never refused to receive any payment, nor have they been absent from their regular places of residence.

43. Defendants' failure to pay wages due and owing Plaintiff and the Putative Class, as indicated in prior paragraphs, was willful; Defendants have knowingly refused to pay any portion of the amount due and owning Plaintiff and the Putative Class.

WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants, and each of them, as follows:

1. For waiting-time penalties under Labor Code section 203;

2. For costs of suit; and

3. For any other and further relief that the Court considers just and proper.

## FIFTH CAUSE OF ACTION

### *Failure To Provide Lawful Meal Periods*

**(Action Brought By Plaintiff On Behalf Of Himself And The Putative Class Against All Defendants)**

46. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

47. California law provides that no employer shall employ any person for a work period of more than five hours without a meal period of not less than 30 minutes. (Lab. Code §§ 226.7, 512.)

48. If an employer fails to provide an employee a legally mandated meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each five hours of work that the meal period is not provided.

49. Defendants have intentionally and improperly denied meal periods to Plaintiff

9
COMPLAINT

1  and the Putative Class in violation of Labor Code sections 226.7 and 512.

2      50.    At all times relevant hereto, Plaintiff and the other members of the Putative

3  Class have worked more than five hours in a workday (and often more than ten, fifteen hours,

4  and twenty hours).   At all relevant times hereto, Defendants have failed to provide meal

5  periods for every five-hour work period as required by California law.

6      51.    Plaintiff and the other members of the Putative Class are informed and believe,

7  and based upon that information and belief allege, that Defendants know or should have

8  known that Plaintiff and the Putative Class were entitled to meal periods but purposely elected

9  not to provide these mandated periods.

10     52.    Plaintiff seeks meal period premium wages owed to them for the three-year

11 period measured backward from the date of the filing of the initial Complaint in this matter.

12     53.    The exact amount of meal period premium wages owed will not be fully

13 ascertained until discovery is completed.   Until Defendants produce the necessary documents

14 for an accounting, Plaintiff is unable to determine the exact amount of meal period premium

15 wages owed.

16     21.    Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of

17 wages, the court shall award interest on all due and unpaid wages at the rate of interest

18 specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the

19 date that the wages were due and payable as provided in Part 1 (commencing with Section

20 200) of Division 2."   Plaintiff seeks such interest on all meal period premium wages owed to

21 them for the three-year period measured backward from the date of the filing of the initial

22 Complaint in this matter.

23     WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants,

24 and each of them, as follows:

25     1.    For meal period premiums in an amount according to proof;

26     2.    For costs of suit; and

27     3.    For any other and further relief that the Court considers just and proper.

28 /////

**SIXTH CAUSE OF ACTION**

*Failure To Pay Overtime And Doubletime Premium Wages*

**(Action Brought By Plaintiff On Behalf Of Himself**

**And The Putative Class Against All Defendants)**

58.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

59.     California law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of eight in one day or 40 hours in one week and for the first eight hours on the seventh-straight day of work in one workweek. (Lab. Code, § 510.) It further requires payment of doubletime premium pay for all hours worked by non-exempt employees in excess of twelve hours in one day or in excess of eight hours on the seventh-straight day of work in a single workweek. (*Ibid.*)

60.     Time during which a worker cannot leave his or her worksite, even sleeping time, is considered hours worked under California law. (*Mendiola v. CPS Security Solutions, Inc.* (Cal., Jan. 8, 2015) 15 Cal. Daily Op. Serv. 203.)

61.     Plaintiff and the Putative Class regularly worked hours for which they were not paid the overtime or doubletime premium wages. Defendants' overtime and doubletime wage violations include, but are not limited to, the failure to pay any wages whatsoever to Plaintiff and the Putative Class for 12 hours each workday, which time lawfully was considered overtime and/or doubletime hours worked.

62.     Plaintiff and the Putative Class seek such overtime and doubletime premium wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.

63.     The exact amount of overtime and doubletime premium wages owed will not be fully ascertained until discovery is completed.   Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of overtime and doubletime premium wages owed.

11

**COMPLAINT**

64. Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2." Plaintiff seeks such interest on all overtime and doubletime premium wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.

65. Pursuant to Labor Code section 1194, Plaintiff requests the Court to award Plaintiff's reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff and the Putative Class demand judgment against Defendants, and each of them, as follows:

1. For overtime and doubletime premium wages owed according to proof;

2. For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

3. For attorney's fees and costs pursuant to Labor Code section 1194;

4. For costs of suit; and

5. For any other and further relief that the Court considers just and proper.

DATED: February 15, 2015

PALAY LAW FIRM, APC

By:

Michael A. Strauss
Andrew C. Ellison
Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael A. Strauss, SBN 246718<br>PALAY LAW FIRM, APC<br>121 N. Fir St., Ste F, Ventura, CA 93001<br><br>TELEPHONE NO.: 805-641-6600   FAX NO.: 805-641-6607<br>ATTORNEY FOR (Name): Plaintiff Brian Newton | FILED<br>SUPERIOR COURT of CALIFORNIA<br>COUNTYOF SANTA BARBARA<br><br>FEB 1 7 2015<br><br>Darrel E. Parker, Executive Officer<br>BY _____<br>Susan Borjuan, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Barbara
STREET ADDRESS: 1100 Anacapa St.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
BRANCH NAME: Santa Barbara Courthouse

CASE NAME:
Newton v. Parker Drilling Management Services, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 1487051<br><br>JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 5
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 13, 2015
Michael A. Strauss, Esq.
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
　Medical Malpractice–Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
　Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
　Negligent Breach of Contract/Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (not eminent domain, landlord/tenant, or foreclosure)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment (non-domestic relations)
　Sister State Judgment
　Administrative Agency Award (not unpaid taxes)
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
　Declaratory Relief Only
　Injunctive Relief Only (non-harassment)
　Mechanics Lien
　Other Commercial Complaint Case (non-tort/non-complex)
　Other Civil Complaint (non-tort/non-complex)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition