JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:15-CV-02517-RGK-AGR | Date | January 29, 2020 |
|---|---|---|---|
| Title | *BRIAN NEWTON v. PARKER DRILLING MANAGEMENT SERVICES, INC., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Judgement on the Pleadings [DE 59]

## I.  INTRODUCTION

On March 23, 2015, Plaintiff and a putative class filed a First Amended Complaint ("FAC") in Santa Barbara Superior Court alleging numerous wage-and-hour claims under California law against Defendants Parker Drilling Management Services, Ltd. ("Parker Drilling"), and Does 1-100 (collectively, "Defendants").

On August 19, 2019, following several years of litigation, Plaintiff filed his Second Amended Complaint ("SAC") including identical state law claims and a new collective action under the Fair Labor Standards Act ("FLSA"). (ECF No. 49). On November 7, 2019, this Court issued an Order granting Defendant's Motion to Dismiss all claims apart from the FLSA collective action on the basis that Plaintiff's state law claims were pre-empted by the FLSA. (ECF No. 57.)

Presently before the Court is Defendant's Motion for Judgment on the Pleadings. (ECF No. 59). Defendant now seeks dismissal of Plaintiff's FLSA claim on the grounds that it was commenced outside the statute of limitations for FLSA collective actions and is procedurally barred from asserting the relation back doctrine. For the following reasons, the Court **GRANTS** the Motion.

## II.  FACTUAL BACKGROUND

The SAC alleges as follows:

Plaintiff was a Parker Drilling employee from January 25, 2013 to January 15, 2015. Plaintiff worked on oil platforms off the California coast for shifts of 12 hours or more without receiving proper meal breaks or the correct premium wages for overtime pay. (SAC ¶¶ 4-5.)

Specifically, Defendants violated the FLSA by failing to factor the reasonable value of employees' meals and lodging into their basic rate of pay when calculating their 150% overtime wages. Plaintiff was therefore paid overtime at an improper rate. (SAC ¶ 6.)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:15-CV-02517-RGK-AGR | Date | January 29, 2020 |
|---|---|---|---|
| Title | *BRIAN NEWTON v. PARKER DRILLING MANAGEMENT SERVICES, INC., et al.* | | |

The following facts are not subject to dispute:

On March 23, 2015, Plaintiff filed a putative class action on behalf of himself and other similarly situated Parker Drilling employees alleging various state law wage-and-hour violations. Plaintiff added the present FLSA collective action as part of his Second Amended Complaint on August 19, 2019. Named Plaintiff Brian Newton filed his Notice of Consent as required for an FLSA collective action on September 03, 2019 (ECF No. 51.)

## III.   JUDICIAL STANDARD

An FRCP 12(c) motion for judgment on the pleadings is granted when "taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McGann v. Ernst & Young*, 102 F. 3d 390, 392 (9th Cir. 1996). "Analysis under Rule 12(c) is 'substantially identical' to analysis under a Rule 12(b)(6)" motion to dismiss. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, 2011 U.S. Dist. LEXIS 141942, at *3 (N.D. Cal. Dec. 9, 2011)). A party may bring a 12(c) motion "after the pleadings are closed—but early enough not to delay trial." F.R.C.P. 12(c).

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *See Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012).

## IV.   DISCUSSION

Plaintiff brought his FLSA claim outside the statute of limitations. The Court first addresses whether Defendant is barred from re-arguing the issue of relation back because it previously made arguments on the subject in its Motion to Dismiss, followed by whether the relation back doctrine can be applied to FLSA collective actions.

### A.   Re-Arguing a Statute of Limitations Defense

Defendant previously filed a 12(b)(6) Motion to Dismiss, arguing that the statute of limitations had expired with regard to Plaintiff's FLSA claim and that the claim did not relate back to the original complaint. Now, they seek to argue that relation back is inapplicable under a different theory via a Rule 12(c) Motion for Judgment on the Pleadings.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-02517-RGK-AGR | Date | January 29, 2020 |
|---|---|---|---|
| Title | ***BRIAN NEWTON v. PARKER DRILLING MANAGEMENT SERVICES, INC., et al.*** | | |

Secondary motions are generally prohibited by Rule 12(g)(2), which provides as follows: "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." F.R.C.P. 12(g)(2). However, Rule 12(h)(2) creates exceptions to this rule for "failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim." The Rule provides that such defenses may be raised: "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." F.R.C.P. 12(h)(2).

Plaintiff argues that the Court should treat this Motion for Judgement on the Pleadings as a motion for re-consideration because it seeks to direct a new legal argument toward the previously-argued issue of the statute of limitations. However, the cases cited by Plaintiff are not probative of the issue here. *Calouri v. One World Technologies, Inc.* treated a motion for "clarification" as one for reconsideration, and *Out of the Box Enterprises, LLC. v. El Paso Jewelry Exchange, Inc.* treated a second motion to dismiss for lack of subject matter jurisdiction as a motion for reconsideration when the argument directly challenged a portion of the court's previous ruling. *See Calouri v. One World Technologies, Inc.,* No. 2:07-CV-02035 CAS (VBKx), 2011 WL 5553825 at *1, n.1 (C.D. Cal. Nov. 14, 2011); *Out of the Box Enterprises, LLC. v. El Paso Jewelry Exchange, Inc.,* No. 5:10-CV-01858 VAP (DTBx), 2014 WL 12603211 (C.D. Cal. Nov. 10, 2011).

Here, the substance of the two motions is different. The previous motion to dismiss argued that the relation back doctrine did not apply because the claims did not arise from the same set of transactions or occurrences. This Court found that it does. By contrast, the current Motion argues that, procedurally, the relation back doctrine cannot be applied to an FLSA collective action where the named Plaintiff's written consent is filed outside the statute of limitations. The Court finds that this argument has substance, and notes that there is a strong preference in favor of adjudicating arguments on the merits. *See Sprint Telephony PCS, Ltd. P'ship v. Cty. of San Diego*, 311 F. Supp. 2d 898, 905 (S.D. Cal. 2003) (finding a previous motion to dismiss and later motion for judgment on the pleadings both based on the same defense "sloppy" but refusing to not consider the later motion on the merits); *Pepper v. Apple Inc. (In re Apple iPhone Antitrust Litig.),* 846 F.3d 313, 319 (9th Cir.2017) (quoting 2 Moore's Federal Practice - Civil § 12.23 ("[B]ecause [a 12(b)(6) defense] is so basic and was not waived, [a district] court might properly entertain a second motion if it were convinced it was not interposed for delay and that addressing it would expedite disposition of the case on the merits.")).

Further, the present scenario is a 12(b)(6) motion to dismiss followed by a 12(c) motion for judgment on the pleadings. Rule 12(h)(2) specifically states a party may not waive the right to assert a Rule 12(c) motion for judgment on the pleadings. *See In re Fuentes*, No. 2:13-BK-11518-ER, 2018 Bankr. LEXIS 299, at *28 (Bankr. C.D. Cal. Feb. 2, 2018) ("Since the Motion to Dismiss is brought under Rule 12(b)(6), the Trustee could raise identical arguments by way of a motion for judgment on the pleadings or at trial."); *Hild v. Bank of Am., N.A.*, No. 5-14-CV-02126-JGB (SP), 2015 U.S. Dist. LEXIS 55029, at *10 (C.D. Cal. Apr. 21, 2015) ("Although unable to assert the Rule 12(h)(2) defense in a second pre-answer motion, the party may assert it in three procedural contexts: "(A) in any pleading allowed or ordered under Rule 7(a); (B) by motion under Rule 12(c); or (C) at trial.").

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-02517-RGK-AGR | Date | January 29, 2020 |
|---|---|---|---|
| Title | *BRIAN NEWTON v. PARKER DRILLING MANAGEMENT SERVICES, INC., et al.* | | |

While Defendant could have made these arguments to the Court in their previous Motion to Dismiss to promote efficiency, a 12(c) motion is not prohibited by Rule 12(h)(2). Further, while bringing new arguments by separate motion is discouraged, the Court will adjudicate on the merits where the two motions are substantively distinct and permitted by the F.R.C.P.

### B. Relation Back Doctrine and FLSA Collective Actions

Defendant is correct that an FLSA Plaintiff is procedurally unable to claim the relation back doctrine to overcome the time-bar set by the statute of limitations. FLSA collective actions "may be commenced within two years after the cause of action accrued." 29 U.S.C. § 255(a). The statute states that any action commenced outside these two years is "forever barred," with the single exception that a plaintiff has three years to file an action for "willful violations." *Id.* An FLSA collective action is "commenced" on the date a plaintiff's "written consent is filed in the court." 29 U.S.C. § 256(b).

Here, the latest day Plaintiff's FLSA cause of action could have accrued was his last day of employment with Defendant on January 15, 2015. Therefore, his claims either expired on January 15, 2017, or on January 15, 2018 if the violations were willful. Plaintiff filed written consent with the Court for his FLSA collective action on September 3, 2019, over a year and a half past even the extended statute of limitations.

Plaintiff is correct that this Court previously held that, under the "same transaction or occurrence" test, this FLSA collective action does substantively "relate back" to the circumstances of the original complaint, and therefore could survive a 12(b)(6) motion to dismiss despite the expired statute of limitations. However, the present issue was not before the Court at that time. As stated above, an FLSA collective action is only commenced after written consent is filed with the court. *See* 29 U.S.C. § 256(b). The filing of written consent would not itself relate back to the original complaint. *See Cancilla v. Ecolab, Inc.*, No. 2-12-CV-03001-GAF (VBK), 2013 U.S. Dist. LEXIS 48553, at *n. 5 (N.D. Cal. Apr. 3, 2013) ("collective action claims cannot be rescued by the 'relation back' doctrine"); *Lemus v. Denny's. Inc.*, No. 10-CV-2061-CAB (WVG), 2014 U.S. Dist. LEXIS 199469, at *4 (S.D. Cal. July 14, 2014) (dismissing plaintiff's FLSA collective action, noting that written consent is a requirement for named plaintiffs, and that late written consent would not "relate back" to the filing of the original pleading).

Moreover, the Central District of California recently prohibited a time-barred FLSA collective action plaintiff, also working on an oil platform off the coast of California, from employing the relation back doctrine to avoid the statute of limitations for the same reasons described above. *See Hockison v. Baker Hughes Oilfield Operations*, No. 2:19-CV-07949-PA (FFM), 2019 U.S. Dist. LEXIS 187704, at *15 (C.D. Cal. Oct. 25, 2019). This Court reaches the same conclusion here.

While Plaintiff's FLSA claim may substantively relate back to the original complaint, Plaintiff's filing of written consent does not. Plaintiff's FLSA collective action is therefore barred by the statute of limitations and cannot be rescued by the relation back doctrine.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-02517-RGK-AGR | Date | January 29, 2020 |
|---|---|---|---|
| Title | *BRIAN NEWTON v. PARKER DRILLING MANAGEMENT SERVICES, INC., et al.* | | |

### V.     CONCLUSION

For the foregoing reasons the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings. Plaintiff's FLSA collective action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

 

_____ : _____

Initials of Preparer

_____